IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSAN ANN S., <br><br>        Plaintiff, <br> v. <br><br> KILOLO KIJAKAZI, in her capacity as Acting Commissioner of the Social Security Administration, <br><br>        Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE DECISION OF THE COMMISSIONER <br><br> Case No. 2:21-cv-142 DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff's Motion for Review of Agency Action. (ECF No. 21.) Plaintiff moves the courts to reverse the Commissioner's decision finding her not disabled. Plaintiff claims her physical and mental impairments, considered singly and in combination, limit her ability to perform work during the relevant period. For the reasons set forth below, the court DENIES her request to reverse the Commissioner's decision and instead, affirms the decision.[1]

## BACKGROUND

Plaintiff Susan S. filed for benefits in August 2017, alleging disability beginning on December 2, 2016, due to a brain tumor, advanced Fibromyalgia, right arm strength weakness, hip issues, fatty liver, migraines, depression, and ADD. (Tr. 44-45). Following a hearing before an Administrative Law Judge (ALJ), the ALJ found Plaintiff not disabled from December 2, 2016, her alleged onset date, through December 31, 2016, which is her date last insured. The

---

[1] The parties in this case consented to have a United States Magistrate Judge conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision final for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481.

In the decision denying Plaintiff's claim, the ALJ followed the familiar five-step sequential evaluation process for disability claims.[2] (Tr. 70-77). At step two, the ALJ found Plaintiffs alleged fibromyalgia, lupus, baker's cyst, and epicondyle impairments not medically determinable prior to the last insured date. The following impairments, however, were found to be medically determinable: intracranial meningioma, obesity, osteoporosis, osteopenia, migraines, depression, and anxiety. (Tr. 73). The ALJ found the impairments singularly or in combination, did not qualify as severe under the agency's regulations. Thus, the ALJ determined Plaintiff was not disabled at step two of the sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4)(ii). ("At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled."). This case then followed after the Appeals Council denied Plaintiff's appeal.

---

[2] The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

    1. The ALJ must first consider work activity and determine whether a claimant is engaged in substantial gainful activity. A claimant who is engaged in substantial gainful activity is not disabled.

    2. The severity of medical impairments is considered at the second step determining whether any are "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

    3. At step three, the ALJ must determine if any impairments meet or equal certain impairments described in Appendix 1 of the regulations.

    4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must then determine whether the claimant can perform his past work despite any limitations.

    5. If the claimant does not have the residual functional capacity to perform past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Williams v. Bowen* 844 F .2d 748, 750–52 (10th Cir.1988).

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## ANALYSIS

This matter involves a relatively small one-month time frame, from December 2, 2016, the alleged disability date, to December 31, 2016, the last insured date, wherein Plaintiff must establish disability. To establish disability, Plaintiff must show that she has an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months …."

42 U.S.C. § 423(d). The appropriate analysis focuses on whether Plaintiff was actually disabled prior to the expiration of her insured status. *See Potter v. Sec'y of Health & Hum. Servs.*, 905 F.2d 1346, 1349 (10th Cir. 1990). "A retrospective diagnosis without

3

evidence of actual disability is insufficient. This is especially true where the disease is progressive." *Id.* Here, notwithstanding the relevant step two "*de minimis*" showing of medical severity, *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988), the record does not suggest Plaintiff was disabled.

Under the regulations a severe impairment is a medical condition that meets the following criteria:

1. An impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." And, be established by objective medical evidence from an acceptable medical source. 20 C.F.R. § 404.1521. (medically determinable requirement)

2. It must significantly limit a physical or mental ability to do basic work activities. Basic work activities are the "abilities and aptitudes necessary to do most jobs." Examples of activities include walking, standing, sitting, lifting, capacity for hearing and speaking, and understanding and carrying out simple instructions. *Id.* § 404.1522. (significant limitation requirement)

3. An impairment's limitation "must have lasted or must be expected to last for a continuous period of at least 12 months." *Id.*. § 404.1509 (duration requirement)

In asserting the ALJ erred, and in seeking to meet her burden at step two, Plaintiff points to her ailments arguing they meet the *de minimis* threshold. *See Williamson v. Barnhart*, 350 F.3d 1087, 1099 (10th Cir. 2003) (noting a claimant bears the burden at step two). The step two severity determination is based on medical factors alone and "does not include consideration of such vocational factors as age, education, and work experience." *Williams*, 844 F.2d at 750. Although the showing is *de minimis*, the mere presence of a condition is insufficient to make a step two showing. *See Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir.1997); SSR 85–28, 1985 WL 56856* at *3 (providing that a step two finding of "non-severe" impairment is only to be made where "medical evidence establishes only a slight abnormality or a combination of slight abnormalities

4

which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered").

Here, there is substantial evidence in the record to support the ALJ's determination that Plaintiff was not disabled prior to December 31, 2016. The ALJ found Plaintiff's intracranial meningioma, obesity, osteoporosis, osteopenia, migraines, depression, and anxiety medically determinable. (Tr. 73). Yet, they are lacking as to the other severe impairment criteria.

As to the intracranial meningioma, the ALJ found that imaging prior to the alleged disability date from different exams was consistent with only minor changes. The ALJ did note a 1mm increase in imaging taken after the last insured date, but found it was insignificant to establish severity. Plaintiff asserts a slow growing tumor is evidence of the second and third criteria – significant limitation and duration. Yet, the medical evidence in the record does not establish those criteria before the last insured date. Moreover, there is no evidence indicating the 1mm increase had a significant effect on any underlying brain structures or on Plaintiff's ability to do basic work activities. As testified at the hearing and evidenced in the record, Plaintiff engaged in substantial gainful activity from May 1, 2016, until her alleged onset date December 2, 2016. The court cannot turn a blind eye to such evidence and overrule the ALJ's decision to find Plaintiff's intracranial meningioma as a non-severe medically determinable condition.

Plaintiff next points to her advanced Fibromyalgia. Yet, counsel at the hearing admitted there is no trigger point exam. Instead, counsel pointed to "muscle aches that are happening." (Tr. 27). There is no diagnosis in the record that satisfies the requirements of Social Security Ruling 12-2p. *See* APPENDIX Q. Excerpts from Social Security Ruling 12-2p: Titles II and XVI: Evaluation of Fibromyalgia, Soc. Sec. Disab. Prac. Appendix Q (setting forth criteria for

5

establishing fibromyalgia). The court finds no error here in the ALJ's finding this condition not medically determinable.

In similar fashion, at the hearing before the ALJ, counsel admitted that osteoporosis was not established before the last insured date. (Tr. 22). And no diagnosis of osteopenia was in the record. Plaintiff's claim that her anxiety and depression are serious impairments is also undermined by a lack of a formal diagnosis in the record. (Tr. 34). Treatment by a mental health provider from time to time, which is a generous interpretation of the record, indicates slight abnormalities or a combination of slight abnormalities. This is not enough to establish a severe impairment. *See*. SSR 85–28, 1985 WL 56856 at *3.

Plaintiff's claims that her Lupus, candidiasis, and left knee condition equate to serious impairments suffer from similar flaws. There is no diagnosis in the record of Lupus before the last insured date and a "butterfly rash", which resulted in an assessment of candidiasis, is not enough to establish a severe impairment. The ALJ noted there were no other references to the facial rash before the date last insured. Thus, it appears Plaintiff's condition resolved or at least remitted to a point to not impair her ability to engage in substantial gainful activity shortly before her alleged onset date. The Baker's cyst, found in Plaintiff's knee at one point, also either resolved or did not provide enough problems to become a severe impairment. At the hearing counsel asserted "it's reasonable to conclude [the Baker's cyst] was still there around the time of the date last insured." (Tr. 26). Yet, there is no evidence that even if it was present, that it caused more than slight abnormalities. Plaintiff's claims regarding her migraines are equally unpersuasive based on the record and the ALJ's consideration of the medical evidence that indicated periodic migraines that responded to treatment.

Finally, the ALJ noted that he also considered Plaintiff's "combination of impairments" and still found a severity determination to be lacking. Plaintiff fails to convince the court that disturbing this finding would be little more than reweighing the evidence. Something which the court cannot do. *See Madrid*, 447 F.3d at 790 ("In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ].").

In sum, the ALJ's decision is supported by substantial evidence in the record and the correct legal standards were applied.

## ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed. The Clerk of Court is directed to close this case and enter judgment in favor of the Commissioner.

DATED this 22 August 2022.

_____
Dustin B. Pead
United States Magistrate Judge